### MARKOWITZ v. DAVIDSON.    (No. 9424.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 12, 1921.)

**1. Landlord and tenant ⬥118(1)—One in possession of theater under agreement to lease held a tenant at will.**

Where the evidence showed that the one who contracted for plaintiff's services in posting bills was in possession of defendant's theater under an agreement to lease it, which agreement was not to be effective until a bond for payment of rent was executed, which was never done, the debtor was a tenant at will for whose debts the owner was not liable.

**2. Partnership ⬥218(3)—Principal and agent ⬥24—Peremptory instruction in suit for service not warranted by evidence of hiring by defendant's partner or manager.**

In an action against the owner of a theater by a bill poster for services, a peremptory instruction for plaintiff held not warranted by evidence on theory that one in possession of the theater and who hired plaintiff was defendant's partner or manager.

**3. Partnership ⬥213(2)—Denial of partnership need not be verified if defendant is sued individually.**

Where defendant was sued individually, and not as partner, his denial of partnership between himself and one who contracted with plaintiff need not be verified.

**4. Account, action on ⬥6(2)—Answer to unverified account need not be verified.**

Where the account filed by plaintiff was not verified, defendant is not required to verify his answer under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3712 or 2327.

**5. Evidence ⬥317(12)—Statement that persons were partners held hearsay.**

In an action to recover from defendant a debt contracted by another, testimony by plaintiff that he understood defendant and another were partners, and that such other had told him they were partners, is incompetent as hearsay.

Appeal from Wichita County Court; J. P. Jones, Judge.

Suit by H. H. Davidson against I. Markowitz. Judgment for plaintiff on directed verdict in the county court after appeal from a justice of the peace, and defendant appeals. Reversed and remanded.

Nicholson & Felder, of Wichita Falls, for appellant.

Kay, Akin & Kenley, of Wichita Falls, for appellee.

BUCK, J. The appellant having complied with the suggestion of the court, by filing a supplemental transcript, affirmatively showing the jurisdiction of the county court, we will proceed to consider the case on its merits.

H. H. Davidson sued I. Markowitz in the justice court for debt to the amount of $198.-30, balance alleged to be due for posting certain show bills and advertisements. Verdict and judgment for the plaintiff having been obtained, an appeal was had to the county court. There a jury trial was had, and upon the evidence submitted a verdict was rendered for plaintiff upon peremptory instructions, and judgment entered thereon. From this judgment defendant has appealed.

The work upon which plaintiff bases his claim for pay was done from January 16 to February 12, 1917. On December 29, 1916, defendant and one Harry C. Bradshaw entered into a lease contract, by the terms of which Markowitz leased to Bradshaw and L. K. Powell the Wichita Theater, for one year from January 1, 1917, at an agreed annual rental of $3,000, payable $250 a month. The written contract provided that the lessees, as a guaranty of faithful performance, should execute to lessor a bond in the sum of $2,000, and that the lease should not become effective or binding until the bond was executed. However, Bradshaw did take possession of the theater on January 1st, and conducted it till February 27th, when he was dispossessed by Markowitz, apparently because the lessees had not paid the due rental, neither had they executed the bond provided for in the contract. It was during this time that the work was done for which plaintiff sues. Bradshaw testified that he was manager of the theater during the time he was in Wichita Falls, and that he entered into a contract with Markowitz for the lease of the theater, but that it was never carried out; that he made a verbal contract with Markowitz to act as manager of the theater, for 50 per cent. of the net proceeds, and that he operated the theater under this agreement for some 30 days; that he made this verbal contract some 12 or 15 days after the written contract was signed.

[1-5] Markowitz denied that any verbal

---

contract was made, and denied any partnership ever existed between Bradshaw and him. He further denied employing plaintiff to do the work for the value of which he sued. Under this state of the evidence, we do not see upon what theory the court proceeded when he gave the peremptory instruction. Bradshaw's tenancy of the theater during the time he held possession, January 1st to February 27th, was in the nature of a tenancy at will, according to the testimony of defendant, since the written lease contract was not binding until a bond was executed. That would not make defendant liable for debts incurred by Bradshaw while the latter was in possession. Markowitz was not required to verify by affidavit his denial of a partnership between him and Bradshaw, for he was not sued as a partner, but individually. Nor was he required to verify his answer under article 3712 or article 2327, V. S. Tex. Civ. Stats., since the account filed was not verified. Because we find that the trial court erred in giving the peremptory instruction for plaintiff, complained of in appellant's third assignment, the judgment below will be reversed, and the cause remanded. We are further of the opinion that the trial court erred in admitting the testimony of plaintiff to the effect that he understood that defendant and Bradshaw were partners, and that Bradshaw told him that they were partners, over the objections urged that such testimony was not admissible and was hearsay.

Reversed and remanded.